**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| REGINA D. SMITH, | |
| Plaintiff, | |
| vs. | CIV. ACTION NO._____ |
| LEHIGH TECHNOLOGIES, INC., and JONATA JOHNSON, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Regina D. Smith, by and through the undersigned Counsel of Record, and hereby files this Complaint for Damages against Lehigh Technologies, Inc., and Jonata Johnson, respectfully showing the Court as follows:

## I.  JURISDICTION AND VENUE

1.

Plaintiff Regina D. Smith brings the above-captioned case pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, for gender discrimination and retaliation and the laws of the State of Georgia for assault, battery, intentional infliction of emotional distress, as well as negligent retention and supervision.

2.

The United States District Court for the Northern District of Georgia ("Court") is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 because the above-captioned complaint involves the laws of the United States and with supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the State law claims arise from the same nucleus of operative facts as the Federal law claims.

3.

Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants reside and/or maintain a place of business in the Northern District of Georgia, Atlanta Division, and the unlawful conduct forming the basis of the above-captioned complaint occurred in the Northern District of Georgia, Atlanta Division.

4.

Prior to commencing this matter, Plaintiff satisfied all administrative prerequisites to institute this action. Specifically, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity ("EEOC") within one-hundred-and-eighty (180) calendar days from the day the discrimination took place (Charge No. 410-2018-06860) and Plaintiff has timely commenced the above-captioned case within ninety (90) days of receipt of the Notice of Right to Sue, dated September 8, 2020.

## II.  PARTIES

5.

Plaintiff Regina D. Smith ("Smith" or "Plaintiff") is a fifty (50) year old African-American female, who is a citizen of the United States, resident of the State of Georgia, subject to this Court's jurisdiction, and entitled to bring the claims asserted in the above-captioned case.

6.

At all relevant times, Smith was an "employee" of Lehigh Technologies, Inc., within the meaning of, among other laws, the Title VII, 42 U.S.C. § 2000e(f).

7.

Defendant Leigh Technologies, Inc. ("Lehigh") is a Delaware profit corporation and specialty chemical company that produces, *inter alia*, Micronized Rubber Powders to more than 60 tire, asphalt, and plastic companies worldwide, affecting inter-state commerce through its center located in Tucker, Georgia.

8.

Lehigh is subject to the Court's jurisdiction with a principle office and/or center located at 120 Royal Woods Court, Tucker, Georgia 30084 ("Center").

9.

Lehigh is an "employer" within the meaning of, among other laws, Title VII, 42 U.S.C. § 2000e(b), with more than twenty (20) employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year while engaging in inter-state commerce.

10.

Lehigh may be served with process through C T Corporation System, Registered Agent, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

11.

Defendant Jonata Johnson ("Johnson")—African-American male—was, at all relevant times, a citizen of the United States, resident of the State of Georgia, and subject to the jurisdiction of this Court.

12.

Johnson served, at all relevant times, as a Line Operator and/or Supervisor with Lehigh at the Center responsible for, *inter alia*, assisting employees at the Center, enforcing Lehigh's policies and procedures, recruiting, hiring, and training employees, supervising and evaluating employees, as well as undertaking and recommending tangible employment actions with respect to Lehigh, such as the unlawful conduct alleged herein.

13.

At all relevant times, Johnson served as Smith's direct supervisor.

14.

Johnson may be served at Lehigh's Center located at 120 Royal Woods Court, Tucker, Georgia 30084.

### III.  FACTUAL ALLEGATIONS

15.

Smith re-alleges and incorporates each and every preceding Paragraph of the above-captioned complaint as if set forth fully herein.

16.

Lehigh is engaged in the business of producing and providing, *inter alia*, Micronized Rubber Powders to companies throughout the world from the Center located in Tucker, Georgia.

17.

Smith, a fifty (50) year old African-American female, was employed by Lehigh as a Cleaner and Production Worker.

18.

Prior to working with Lehigh, Smith worked in several positions, including, but not limited to, Plant Worker with Jacobson Chemicals, Cafeteria and Custodial Worker with Fulton County School System, as well as a Forklift Operator with BioLab.

19.

On or about March 16, 2015, Smith began working for Lehigh as a Cleaner.

20.

Based upon Smith's diligent performance, Smith became a Production Worker, responsible for producing and assembling products, operating and maintaining machinery, as well as other tasks and assignments at the Center.

21.

About a year after Smith began working at Lehigh, Johnson began sexually harassing Smith on a daily, continual, and regular basis.

22.

On almost a daily basis, Johnson subjected Smith to unwelcomed sexual advances and comments.  For example, while Smith was working at the Center, Johnson would walk past Smith, take his penis out, and ask Smith to tap it on her forehead.  Furthermore, after Smith began working in Johnson's department and

under his direct supervision, Johnson would take Smith to different locations *purportedly* requiring cleaning in the Center, where Johnson would attempt to force Smith to perform oral sex on Johnson.  Additionally, Johnson would repeatedly ask, "Wanna suck my dick?"

23.

Although Smith repeatedly walked away and declined Johnson's unwelcome sexual advances, advised Johnson that the remarks and advances were inappropriate, and stated that Smith just wanted to do her job, Johnson continued to make unwelcome sexual advances, requests, and comments.

24.

Eventually, Smith summoned the courage to report Johnson's ongoing sexual harassment to Lehigh.  Specifically, Smith reported Johnson's sexual harassment to Lehigh's manager, Rashad, who simply stated, "Well, you know, he's been here a long time."  Smith responded, "And that makes it right-- because he has been here longer?" Unfortunately, Rashad failed to address, let alone take any remedial action, concerning Johnson's ongoing sexual harassment.

25.

During a meeting on or about February 28, 2020, Johnson sent Smith a text message, "Shut up bitch."  Smith immediately left the meeting and reported the disparaging message to Lehigh's Human Resources Representative, Karen, who stated, "they are going to fire me" for escalating the matter to Corporate.  Whenever employees complain at Lehigh, Corporate responds adversely and often take negative actions against complainants.  After *purportedly* escalating the matter, Karen advised Smith that Johnson would be written-up.  However, Lehigh's Assistant Plant Manager, "Mr. Lee," directed Karen not to "write up" Johnson, but rather, "just talk to him"—effectively, Lehigh continued its practice of sweeping complaints, especially complaints involving Johnson, under the rug.

26.

Throughout the course of employment, Johnson continued to sexually harass Smith despite repeated reports and complaints to Lehigh's management, including, but not limited to, Julliette Hard ("Hard"), Human Resources Representative, in June 2018.  Although the complaints were supposed to be confidential, Johnson and others at the Center became aware of Smith's complaints.  Subsequently, Johnson began reprimanding and writing-up Smith without cause—for example, although

Smith had been training new employees to use the forklift and sweeper, Smith was written-up for training an employee.

27.

Apparently fed up with Smith's ongoing reports and complaints of sexual harassment, in June 2018, Lehigh suspended Smith for *purportedly* failing to put on a vest in violation of an unspecified safety rule.  While in the break room, Smith removed a vest to use the restroom.  When returning to Smith's work station, Smith noticed that she was not wearing the vest and returned to the break room to put on the vest.  Although never working without the vest, Smith was then written-up, suspended, and terminated, on or about June 25, 2018, based upon the *purported* violation of safety rules.

28.

During the course of Smith's employment with Lehigh, Smith witnessed and observed several Lehigh employees, who suffered no adverse employment actions after failing to wear a safety vest while working in the Center.

29.

Despite Johnson's constant and unwelcome sexual comments and advances, Smith performed diligently while employed as a Cleaner and Production Worker for Lehigh.

30.

Although Smith diligently performed, Lehigh treated Smith unequivocally and significantly less favorably than her male co-workers who were in similar and comparable positions.

31.

Despite Smith's complaints, reports, and notification of unlawful treatment and sexual harassment, Lehigh did nothing to address Smith's complaints and, ultimately, terminated Smith's employment days after Smith complained to Hard.

32.

Like Smith, other female employees at the Center who complained about sexual harassment suffered adverse employment actions.   For example, after Rodricka Thrasher ("Thrasher") complained about being sexually harassed by Gary in management, Lehigh terminated Thrasher's employment.   Following Nikki Leonard's ("Leonard") complaints about sexual harassment, management merely separated Leonard from the perpetrator, who nevertheless continued to sexually harass Leonard despite repeated complaints.

## IV.  CLAIMS FOR RELIEF

### COUNT I
### SEXUAL HARASSMENT
### IN VIOLATION OF TITLE VII
**(Against Defendant Lehigh)**

33.

Smith re-alleges and incorporates each and every preceding Paragraph of the Complaint as if set forth fully herein.

34.

Title VII prohibits employers from discriminating against an employee based upon sex or gender, which includes sexual harassment in the form of unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature with the purpose or effect of unreasonably interfering with an employee's performance or creating an intimidating, hostile, and/or offensive work environment.

35.

Defendants violated Title VII, such that a cause of action exists where discrimination on the basis of gender/sex was the causative agent of adverse actions directed at Smith by Defendants.

36.

While employed by Lehigh, Smith was forced to endure, because of her gender/sex, a hostile work environment, where Smith was subjected to adverse employment action(s) while forced to endure inflammatory remarks, harassment, intimidation, humiliation without any legitimate basis, as well as constant unwelcome sexual comments and advances without any legitimate basis.

37.

Smith, as a fifty (50) year old female, is a member of a protected group.

38.

From on or about March 16, 2016, until June 25, 2018, an employer-employee relationship existed between Smith and Lehigh, such that Smith was an "employee" and Lehigh was an "employer" within the meaning Title VII.

39.

At all times relevant to this action, Lehigh acted by and through its agents and employees, including, but not limited to, Johnson who was Smith's direct supervisor, each of whom acted in the course and scope of their employment with and for Lehigh.

40.

During the course of Smith's employment, Johnson repeatedly subjected Smith to unwelcome sexual comments and advances.  For example, Johnson would take out his penis and instruct Smith to put it on Smith's forehead.  Furthermore, Johnson would take Smith to different locations in the Center, where Johnson would attempt to force Smith to perform oral sex on Johnson.  Additionally, Johnson would repeatedly ask, "Wanna suck my dick?"

41.

Johnson's almost daily unwelcome sexual comments and advances were severe and pervasive, materially affecting the terms and conditions of Smith's employment.

42.

When Smith refused to comply with, and reported, Johnson's constant, unwelcome sexual comments and advances, Johnson began to subject Smith to disparaging/demeaning comments, including calling Smith a "bitch," and Lehigh subjected Smith to tangible employment actions, including, but not limited to,  write-ups, suspension, and termination of Smith's employment without cause.

43.

The discrimination to which Smith was subjected to by Defendants was based upon gender/sex in violation of Title VII and, thus, Smith is entitled to all appropriate relief provided under the law.

44.

Defendants' actions constituted discrimination and disparate, adverse treatment based upon gender/sex such that the intentional actions by Defendants adversely impacted Smith's terms, conditions, and privileges of employment.

45.

Defendants' actions created a hostile work environment based upon gender/sex such that the intentional actions by Defendants adversely impacted Smith's terms, conditions, and privileges of employment.

46.

Defendants' discriminatory conduct was accomplished pursuant to an unofficial policy, practice, and/or custom of Lehigh.

47.

As a direct and proximate result of Defendants' intentional and unlawful conduct, which was intended to cause Smith harm and/or was committed with reckless disregard of the harm caused to Smith, in derogation of her Federally-protected rights, Smith suffered and continue to suffer emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, danger to their reputation, and other pecuniary loses.

48.

Defendants' intentional and illegal conduct entitles Smith to compensatory damages, as well as any and all other remedies available under Title VII.

49.

Defendants' actions with regard to Smith demonstrate willful misconduct, malice, fraud, wantonness, oppression, and a complete lack of care and, therefore, Smith is entitled to an award of punitive damages to deter, punish, and penalize Defendants for and from similar future conduct.

## COUNT II:
## RETALIATION
## IN VIOLATION OF TITLE VII
### (Against Defendant Lehigh)

50.

Smith re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

51.

Title VII prohibits employers from retaliating against an employee who opposes an employment practice prohibited by, or exercise or attempt to exercise rights under, Title VII.

52.

Smith is a fifty (50) year old African-American female and member of a protected group.

53.

During the relevant period, the relationship between Smith and Lehigh was an employer-employee relationship within the meaning of Title VII, such that a cause of action exists where retaliation on the basis of opposing and/or reporting discrimination is alleged to be the causative agent of adverse employment action(s) directed to Smith by Defendants.

54.

During the course of Smith's employment, Defendants unlawfully and knowingly discriminated against Smith based upon, among other things, gender/sex in violation of, *inter alia*, Title VII.

55.

Smith repeatedly complained to Lehigh's management and human resources about unlawful employment practices based upon gender/sex and sexual harassment.

56.

Following Smith's complaints concerning, among other things, unlawful employment practices and sexual harassment, Johnson called Smith a "bitch" and Lehigh took adverse employment actions against Smith, including, but not limited to, writing-up, suspending, and terminating Smith's employment without cause in violation of, *inter alia*, Title VII.

57.

The effect of Defendants' actions has been to suspend and deprive Smith of an employment position, as well as loss income in the form of wages, prospective retirement benefits, social security, and other benefits due Smith because of the exercise of Smith's Federally-protected rights.

58.

Defendants' adverse employment action(s) against Smith constitute unlawful retaliation against Smith in violation of, *inter alia*, Title VII.

59.

Defendants' retaliatory actions were willful, deliberate, and intended to cause Smith harm and/or were committed with reckless and wanton disregard of the harm causes to Smith in derogation of Smith's Federally-protected rights.

60.

Defendants' discriminatory and retaliatory actions were undertaken in bad-faith.

61.

The retaliation to which Smith was subjected by Defendants entitles Smith to all appropriate relief afforded under the law.

62.

As a result of Defendants' intentional and unlawful actions, Smith has suffered lost compensation and other benefits of employment, physical and emotional distress, inconvenience, humiliation, damage to her reputation, other indignities, as well as past and future pecuniary losses.

63.

Defendants' actions with respect to Smith have demonstrated willful misconduct, malice, fraud, wantonness, oppression, and a complete want of care, and thus, Smith is entitled to an award of punitive damages to deter, punish, and penalize Defendants for and from similar future conduct.

<u>**COUNT III:**</u>
<u>**ASSAULT**</u>
<u>**IN VIOLATION OF THE LAWS OF THE STATE OF GEORGIA**</u>
**(Against Defendants Lehigh and Johnson)**

64.

Smith re-alleges and incorporates, by reference, each and every preceding Paragraph of the Complaint as if set forth fully herein.

65.

Georgia law prohibits, among other things, attempted batteries and/or conduct that places another person in reasonable apprehension of an immediate violent injury.

66.

At all relevant times, Smith and Johnson were employed by Lehigh.

67.

During the course of employment, Smith was required, as a Cleaner and Production Worker, to work under the instruction and direct supervision of Johnson throughout the Center.

68.

Despite Smith's objections and opposition, Johnson repeatedly made unwelcome sexual comments and advances, as well as took Smith to different locations in the Center, where Johnson would attempt to force Smith to perform oral sex on Johnson.

69.

When Smith refused to comply with, and reported, Johnson's constant, unwelcome sexual comments and advances, Johnson began to subject Smith to disparaging/demeaning comments, including calling Smith a "bitch."

70.

Although Smith repeatedly complained to Lehigh management and human resources concerning Johnson's unwelcome sexual advances and remarks, as well as threatening conduct, Lehigh failed to take any remedial action.

71.

As a direct result of Johnson's repeated offense comments, sexist remarks, profane statements, and aggressive acts, Smith reasonably apprehended a violent injury and/or battery.

72.

All apparent circumstances, reasonably viewed, were such as to lead a person to reasonably apprehend a violent injury and/or battery from Johnson's unlawful conduct.

73.

Johnson was not privileged, authorized, or justified when taking Smith to locations in the Center, where Johnson would attempt to force Smith to perform oral sex on Johnson, calling Smith a "bitch."

74.

When Johnson assaulted Smith, Johnson was performing within the scope of his employment with Lehigh.

75.

As the direct and proximate result of Defendants' intentional, willful, unlawful, and tortious conduct, Smith has suffered, among other things, fear, humiliation, embarrassment, mental anguish, physical injuries, and damages in an amount to be determined at trial.

76.

Defendants' tortious actions and conduct were undertaken in bad-faith.

77.

The assaults to which Smith was subjected by Defendants entitles Smith to all appropriate relief afforded under the law.

78.

Defendants' actions with respect to Smith have demonstrated willful misconduct, malice, fraud, wantonness, oppression, and a complete want of care, and thus, Smith is entitled to an award of punitive damages to deter, punish, and penalize Defendants for and from similar future conduct.

## COUNT IV:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## IN VIOLATION OF THE LAWS OF THE STATE OF GEORGIA
### (Against Defendants Lehigh and Johnson)

79.

Smith re-alleges and incorporates, by reference, each and every preceding Paragraph of the Complaint as if set forth fully herein.

80.

Defendants' statements, conduct, and behavior towards Smith were intentional and reckless, extreme and outrageous, causing Smith severe shame, humiliation, embarrassment, and emotional distress of a nature that no person should endure.

81.

Defendants' statements, conduct, and behavior towards Smith demonstrate, among other things, a "retaliatory animus."

82.

At all relevant times, the Parties had a special, employer-employee relationship, wherein Defendant had control over Smith, as well as Smith's income and/or livelihood.

83.

When engaging in the intentional, reckless, extreme, and outrageous conduct towards Smith, Defendants knew that Smith was dependent upon the income received from Lehigh.

84.

Johnson referred to Smith as a "bitch," attempted to force Smith to perform oral sex, and made other unwelcome sexual remarks and advances while Smith attempted to diligently perform her professional duties and responsibilities.

85.

Defendants knew or should have known that such conduct would result in the severe emotional distress suffered by Smith.

86.

As a result of Defendants' conduct, Smith has and will continue to suffer severe emotional distress and other damages for which Smith is entitled to recover.

## COUNT V
## NEGLIGENT RETENTION AND SUPERVISION
## IN VIOLATION OF GEORGIA LAW
### (Against Defendant Lehigh)

87.

Smith re-alleges and incorporates, by reference, each and every preceding Paragraph of the Complaint as if set forth fully herein.

88.

As a result of the actions taken by Defendants, Smith suffered, among other things, discrimination based gender/race and retaliation.

89.

Defendants owed Smith a duty to hire, retain, and supervise employees who would lawfully conduct themselves and not engage in discriminatory, retaliatory, and/or tortious conduct.

90.

By negligently retaining and supervising its employees, including, but not limited to, Johnson, Lehigh breached its duty to hire, retain, and supervise employees who would lawfully behave.

91.

Lehigh knew or, in the exercise of ordinary diligence, should have known of the propensity of its employees, to engage in unlawful conduct against Smith.

92.

Like Smith, other female employees at the Center who complained about sexual harassment suffered adverse employment actions.   For example, after Thrasher complained about being sexually harassed by Gary in management, Lehigh terminated Thrasher's employment.  Following Leonard's complaints about sexual harassment, Leonard was subjected to additional harassment despite repeated complaints.

93.

By failing to engage in any corrective or remedial action, Lehigh ratified, condoned, and/or adopted its employees' unlawful conduct

94.

As a direct and proximate result of Lehigh's negligent retention and supervision of its employees, as well as the failure to take any remedial or corrective action with respect to the known unlawful actions taken by employees, including, but not limited to, Johnson, Smith suffered damages

95.

Lehigh's negligent conduct entitles Smith to compensatory damages, punitive damages, as well as any and all other remedies available under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully demand a trial by jury and request the following relief:

(a)     That the Clerk of the Court issue summons and original process, served upon Defendants and any other person or entity the Court deems necessary in accordance with the law;

(b)     That the Court grant declaratory judgment that Smith's rights under, among other laws, Title VII were violated;

(c)     That the Court award Smith compensatory damages for all injuries suffered as a result of Defendants' unlawful conduct;

(d)     That the Court award back pay, including, but not limited to, unpaid back wages, lost income, bonuses, incentive compensation, pension, social security, and other benefits in amounts to be shown at trial;

(e)     That the Court award liquidated damages equal to back pay and lost benefits based upon Defendants' willful violations of, *inter alia*, Title VII;

(g)    That the Court award punitive damages in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter such future conduct;

(h)    That the Court award pre-judgment interest on any monetary award;

(i)    That the Court grant a trial by jury as to all triable issues of fact; and

(j)    Further and additional relief as may be just and appropriate.

Respectfully submitted, this 4th day of December, 2020.

MOLDEN & ASSOCIATES

*/s/ Regina S. Molden*

REGINA S. MOLDEN
Georgia Bar No. 515454
T. ORLANDO PEARSON
Georgia Bar No. 180406
Peachtree Center – Harris Tower, Suite 1245
233 Peachtree Street, NE
Atlanta, Georgia 30303
(404) 324-4500
(404) 324-4501 (facsimile)
Email:  rmolden@moldenlaw.com
Email:  topearson@moldenlaw.com

*Counsel for Plaintiff Regina D. Smith*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| REGINA D. SMITH, | |
| Plaintiff, | |
| vs. | CIV. ACTION NO._____ |
| LEHIGH TECHNOLOGIES, INC., and JONTA JOHNSON, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## LOCAL RULE AND SERVICE CERTIFICATION

The undersigned counsel certifies that this document has been prepared in accordance with the Local Rules and that the foregoing Complaint for Damages has been filed with the Clerk using the CM/ECF system which will notify the attorney(s) of record.

Respectfully submitted, this 4th day of December, 2020.

MOLDEN & ASSOCIATES

 */s/ T. Orlando Pearson*
T. ORLANDO PEARSON
Georgia Bar No. 180406